IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02823–KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$112,061.00 IN UNITED STATES CURRENCY,

    Defendant.

## ORDER

This matter is before the court on Claimant Jamie Sanchez's Motion to Apply the Exclusionary Rule" [Doc. No. 14]. The United States filed a Response on March 9, 2015 [Doc. No. 23] and the Claimant filed a Reply on March 26, 2015 [Doc. No. 24].

Claimant seeks return of $112,061.00 of currency seized from his house on or about May 15, 2014 pursuant to a search warrant. The Claimant claims the warrant was an impermissible general warrant and, as a result, this court should apply the exclusionary rule to this civil case in spite of the fact that the state court in his criminal case declined to do so.

The Tenth Circuit has recognized that in a civil forfeiture action, the doctrine of collateral estoppel prevents a claimant from raising constitutional issues that have been litigated in state court. *See United States v. One Parcel of Real Prop. Known as 16614 Cayuga Rd.,* 69 Fed. App'x. 915, 918 (10th Cir.2003) (order and judgment) (district court properly denied claimant's motion to suppress where he previously raised Fourth Amendment claims in state criminal

prosecution); *United States v. $393,550.00 in United States Currency*, Case No. 13-cv-00933-CMA-BNB, 2014 WL 4179451, *2-3 (D. Colo. August 22, 2014).

The undisputed facts are that on May 15, 2014, the Colorado Department of Corrections Parole Officers conducted a random home visit of the residence of the state parolee Jaime Sanchez in Colorado Springs, Colorado. After locating a significant amount of U.S. currency and two semi-automatic handguns in the master bedroom, the Parole Officers stopped the search and contacted police, ultimately applying for a search warrant. Upon obtaining a Colorado State search warrant, the police searched the house and located material indicative of narcotics distribution and various items of drug paraphernalia. A further amount of currency was also found in the trunk of a car parked in the garage.[1] The total amount of the currency that the police seized pursuant to the warrant was the $112,061.00 which is the res involved in this cse. Ultimately, Mr. Sanchez was charged with possession of controlled substance with intent to distribute, possession of firearm by a previous offender, and habitual criminal counts in El Paso County District Court case number 2014CR2225, *People of the State of Colorado vs. Jaime Sanchez*.

On or about October 8, 2014, Claimant filed his Motion to Suppress Statements and Evidence in the state court which was fully briefed and litigated before the state court. Claimant argued that the search warrant was invalid because it was "both a general warrant and is overly broad." (Resp., Ex. 2 at 2.) Mr. Sanchez contended that the search warrant was a general warrant because it authorized the search and seizure of "Miscellaneous" items "identified as being involved in crime." Claimant also maintained that the search warrant lacked a sufficient

---

[1] The warrant allowed for the search of vehicles on the premises. (Mot., ¶ 6.)

probable cause to search the vehicles parked at the residence for additional weapons and evidence of gang activity

On February 4, 2015, the State court issued its written order denying Claimant's motion to exclude the evidence. (Resp., Ex. 3.) The state court agreed with the Claimant that the search warrant at issue in the state court (the same warrant addressed in this motion in federal court) was an impermissible general warrant, however the state court found the good faith exception to the warrant requirement was also applicable since a judge had read and approved the issuance of the warrant. The state court denied Claimant's motion to suppress the evidence. On March 5, 2015, Claimant was sentenced to six years in the Colorado Department of Corrections.

Claimant argues, in essence, that this court should reject the good faith finding of the state court. The preclusive effect of a state court judgment is governed by state law. *United States v. U.S. Currency in the Amount of $228,536.00,* 895 F.2d 908, 917–18 (2d Cir.1990) (citing 28 U.S.C. § 1738 (1982); *Marrese v. American Academy of Orthopedic Surgeons,* 470 U.S. 373, 380–81 (1985); *Cullen v. Margiotta,* 811 F.2d 698, 732 (2d Cir.), *cert. denied,* 483 U.S. 1021 (1987)). Under Colorado law, the doctrine of issue preclusion, also known as collateral estoppel, bars relitigation of an issue when:

> (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding, (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding, (3) There was a final judgment on the merits in the prior proceeding, and (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*In re Water Rights of Elk Dance Colorado, LLC,* 139 P.3d 660, 667 (Colo.2006) (citing *Sunny Acres Villa, Inc. v. Cooper,* 25 P.3d 44, 47 (Colo.2001) (internal citation omitted)). Similarly, under federal law, issue preclusion requires that

3

"(1) the issue previously decided is identical with the one presented with the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is involved was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."

*Dodge v. Cotter Corp.,* 203 F.3d 1190, 1198 (10th Cir.2000); *$393,550.00 in United States Currency*, at *3.

This case meets all the criteria for collateral estoppel. The issue of the general warrant was conclusively addressed by the state court, the Claimant here was the Defendant in the state court criminal action and Mr. Sanchez had a full and fair opportunity to litigate this issue in the prior action.

Therefore, it is **ORDERED**

1. Claimant Jamie Sanchez's Motion to Apply the Exclusionary Rule" [Doc. No. 14] is **DENIED**.

2. The hearing on this matter set for April 14, 2015 is **VACATED**.

DATED this 13th day of April, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge